O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE M. SANDOVAL, | ) Case No. EDCV 12-1849 RNB |
| Plaintiff, | ) |
| | ) ORDER AFFIRMING DECISION OF |
| vs. | ) COMMISSIONER |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |
| | ) |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[2]

---

[1] The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**A.   Reversal is not warranted based on the ALJ's alleged failure to properly consider the treating physician's opinion (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's decision to accord little weight to the opinion of plaintiff's treating psychiatrist, Dr. Sekhon. (See Jt Stip at 3-9.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the record indicates that Dr. Sekhon wrote two letters, in April 2011 and August 2011, stating that plaintiff had Bipolar Disorder I, manic, severe, with psychotic features. (See AR 296, 333.) Dr. Sekhon described plaintiff's symptoms as including auditory hallucinations, depression, anxiety, irritability, paranoia, extreme difficulty relating to people, difficulty doing chores, and an inability to

Case 5:12-cv-01849-RNB   Document 15   Filed 07/25/13   Page 3 of 10   Page ID #:399

1  concentrate or stay on task. (See id.) Dr. Sekhon concluded that it was his "medical
2  opinion that even with medication support, [plaintiff] would be unable to retain
3  employment due to his mental disability." (See id.)
4      The ALJ gave little weight to Dr. Sekhon's opinion after finding that "Dr.
5  Sekhon's opinion is inconsistent with his treatment records indicating [plaintiff]'s
6  symptoms have improved significantly and are stable with medication. The last
7  progress note simply includes a medication refill with instruction to follow up in four
8  weeks." (See AR 21.) The Court finds that this reason was specific and legitimate.
9      Further, the record confirms that Dr. Sekhon's opinion was inconsistent with
10 his treatment records, which repeatedly state that plaintiff was "doing better" or
11 "getting stable on medication" (see AR 300, 302, 305, 310, 331, 332); that plaintiff's
12 auditory hallucinations were "under control" (see AR 300, 302, 310, 330, 331, 332);
13 that plaintiff had "less" depression, anxiety, paranoia, or irritability with treatment
14 (see AR 300, 302, 310, 330, 331, 332); that plaintiff was "able to relate" (see AR 300,
15 302, 305, 306, 310, 330, 331, 332); that plaintiff's sleep, appetite, and energy level
16 were getting better with medication (see AR 300, 302, 305, 310, 330, 331, 332); and
17 that plaintiff was able to stay focused (see AR 300, 305, 306, 310, 330, 331, 332).
18 The record also confirms that Dr. Sekhon's last progress note indicated that plaintiff
19 was stable with medication, was provided a medication refill, and was instructed to
20 follow up in four weeks. (See AR 330.) It is well-settled that such inconsistencies
21 may be a legally sufficient reason to reject a treating physician's opinion. See
22 Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009)
23 (holding that contradiction between a treating physician's opinion and his treatment
24 notes constitutes a specific and legitimate reason for rejecting the treating physician's
25 opinion); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that
26 contradiction between treating physician's assessment and clinical notes justifies
27 rejection of assessment); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995)
28 (holding that contradiction between doctor's treatment notes and finding of disability

was valid reason to reject treating physician's opinion).

Plaintiff makes two contentions directed to the ALJ's evaluation of Dr. Sekhon's opinion. First, plaintiff contends that any evidence from Dr. Sekhon's treatment records of plaintiff's improvement due to medication "does not mean he is stable enough to successfully perform work-related activities." (See Jt Stip at 6.) While that may be true as a general matter, plaintiff has adduced no evidence that he was not stable enough to successfully perform work-related activities, aside from Dr. Sekhon's unsupported opinion. Since the ALJ's interpretation of Dr. Sekhon's treatment records was rational, the Court must uphold it. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (where an ALJ's interpretation of evidence is rational, the court must uphold it where the evidence is susceptible to more than one rational interpretation).

Second, plaintiff contends that, assuming there was an inconsistency between Dr. Sekhon's opinion and his own treatment records, the ALJ should have re-contacted Dr. Sekhon to resolve the ambiguity. (See Jt Stip at 6.) The Court rejects plaintiff's attempt to conflate an inconsistency with an ambiguity. The duty to re-contact a treating source arises only when the evidence of record is insufficient or inadequate for the ALJ to make a disability decision. See 20 C.F.R. §§ 404.1512(e), 404.1527(c)(3), 416.912(e), 416.927(c)(3); Bayliss, 427 F.3d at 1217; see also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record was sufficient and adequate in that it contained substantial evidence on which the ALJ properly could rely to make his findings and decision.

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Sekhon's opinion.

**B.  Reversal is not warranted based on the ALJ's determination that plaintiff did not have a "severe" mental impairment (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's determination that plaintiff's

bipolar disorder was not a "severe" impairment at step two of the sequential evaluation process.[3] (See Jt Stip at 10-12.)

An impairment may be found "not severe" at step two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's ability to perform basic work activities. Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b). If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See Social Security Ruling[4] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986).

Here, plaintiff's contention that the ALJ erred in finding his bipolar disorder was non-severe is based solely on the opinion of Dr. Sekhon. (See Jt Stip at 10-11.) Based on the Court's finding in Disputed Issue One that the ALJ provided a legally sufficient reason to accord little weight to Dr. Sekhon's opinion, the Court finds that the ALJ did not err in finding that plaintiff's bipolar disorder was non-severe on this basis.

Moreover, the record reflects that two state agency physicians concluded that plaintiff's mental impairment was non-severe (see AR 255, 270) after noting that other evidence in the record showed that plaintiff's mental status examinations were

---

[3] The ALJ also made a step two determination that plaintiff's diabetes mellitus was not a severe impairment (see AR 19), which plaintiff does not challenge.

[4] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

within normal limits (see AR 230, 234, 273) and that plaintiff's activities of daily living were intact (see AR 192-97). In addition, a medical expert testified that plaintiff did not have a severe impairment as defined by the Social Security Administration and did not have a reduced functional capacity. (See AR 31.) The Court finds that these opinions of the state agency physicians and medical expert constituted substantial evidence to support the ALJ's non-severity finding with respect to plaintiff's bipolar disorder. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with clinical findings or other evidence in the record.") By way of contrast, plaintiff has adduced no evidence, apart from Dr. Sekhon's unsupported opinion, that suggests that plaintiff's bipolar disorder had more than a minimal effect on plaintiff's ability to perform basic work activities.

The Court therefore finds and concludes that the ALJ's finding of non-severity with respect to plaintiff's bipolar disorder was clearly established by the medical evidence.

## C.  **Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue No 3).**

Disputed Issue No. 3 is directed to the ALJ's adverse credibility determination. (See Jt Stip at 12-16.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other

symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that he cannot work because he gets "really depressed," does not want to do anything, gets paranoid and locks himself in his room, and gets very little sleep. (See AR 32.) Plaintiff also testified that he is unable to focus on reading because "I can't stay focused and my mind just takes off." (See AR 34.) Plaintiff also testified that he had numbness in his hands (see AR 32), high blood pressure, and diabetes (see AR 35). The ALJ determined that although plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's finding that plaintiff had no severe impairment or combination of impairments. (See AR 21.)

In support of this adverse credibility determination, the ALJ proffered multiple reasons. First, the ALJ noted that plaintiff "manages to perform a wide array of activities of daily living independently." (See AR 20; see also AR 192-97.) Specifically, the ALJ cited evidence that plaintiff lives in a Christian group home, has no problem with personal care, can prepare simple meals, does some laundry and minor household repairs, walks, uses public transportation, gets rides from others, only goes out with someone because of group home rules, can count change, can shop, reads, plays the guitar, meditates, attends church twice a week, participates in prayer and bible studies, and attends baseball games monthly. (See id.) The Court finds that this constituted a clear and convincing reason not to credit plaintiff's subjective symptom testimony. See, e.g., Burch, 400 F.3d at 680 (claimant's testimony that she was able to care for her own personal needs, cook, clean, and shop

undermined her pain testimony); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ did not err in finding that the claimant's ability to perform chores such as cooking, laundry, washing dishes, and shopping undermined the credibility of her subjective complaints); Tidwell v. Apfel, 161 F.3d 599, 601, 602 (9th Cir. 1998) (claimant's testimony that she did the laundry, cleaned the house, vacuumed, mopped, dusted, and shopped for groceries was inconsistent with claim of severe back impairment).

Second, the ALJ noted that plaintiff's testimony was "especially puzzling when compared to the treatment records showing he is responding well to medication." (See AR 20; see also AR 300, 302, 305, 310, 331, 332.) This inconsistency between plaintiff's testimony and the objective medical evidence of record also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

Third, the ALJ noted that plaintiff "has few treatment records for physical complaints" and that his diabetes mellitus and hypertension were effectively controlled with medication. (See AR 21; see also AR 228-29, 232.) The Court finds that this also constituted a clear and convincing reason not to credit plaintiff's subjective symptom testimony. See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that plaintiff's diabetes was controlled by medication undermined plaintiff's claim that diabetes was among his disabling conditions);

Morgan, 169 F.3d at 599 (ALJ's adverse credibility determination properly accounted for physician's report of improvement with medication); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (ALJ may consider whether treatment produced fair response or control of pain that was satisfactory).

Fourth, the ALJ noted that a consultative examining physician found that although plaintiff was obese, she concluded that there were no abnormalities on physical examination and that plaintiff had no functional limitations. (See AR 21; see also AR 258-63.) The Court finds that this also constituted a clear and convincing reason not to credit plaintiff's subjective symptom testimony. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (claimant's allegations were undermined by findings of examining physician that anxiety disorder was not severe and that claimant was able to control it).[5]

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider plaintiff's testimony.

//
//
//
//

---

[5] The ALJ's fifth reason for rejecting plaintiff's subjective symptom testimony was that, although plaintiff had testified he had numbness in his hands, there were no treatment records supporting his complaint. (See AR 21.) This reason was inconsistent with the record, which does include treatment records noting that plaintiff experienced neuropathy in his hands. (See AR 229, 230, 233, 236.) However, the Court finds that the ALJ's error in relying on this fifth reason was harmless because the ALJ's four other reasons and ultimate credibility determination were supported by substantial evidence. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: July 25, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE